OPINION *Page 2 
{¶ 1} On June 9, 2006, the Licking County Grand Jury indicted appellant, L.C. Kirby, Jr., on two counts of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b). Said charges arose from two controlled drug buys by a confidential informant, Carol Rhoden, in the vicinity of a school.
 {¶ 2} A jury trial commenced on September 20, 2006. The jury found appellant guilty as charged. By judgment entry filed September 22, 2006, the trial court sentenced appellant to a total term of three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "KIRBY'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO ATTACK THE CREDIBILITY OF THE OFFICER WHO TESTIFIED THAT HE CONDUCTED THE PAT-DOWN SEARCH OF KIRBY."
 II {¶ 5} "KIRBY'S CONVICTIONS FOR TWO COUNTS OF TRAFFICKING IN CRACK COCAINE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 6} Appellant claims his trial counsel was ineffective for failing to effectively cross-examine Doug Bline, a detective with the Newark Police Department and the Central Ohio Drug Enforcement Task Force, regarding who in fact conducted his pat-down search. We disagree. *Page 3 
 {¶ 7} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 8} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 9} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 10} Appellant's argument centers on the discrepancy of Detective Bline's testimony vis-à-vis a June 2, 2006 report written by Detective George Romano as to who searched him at the time of his arrest. Detective Bline testified he arrested and searched appellant during the execution of a search warrant after the second controlled drug buy, and marked money for the second controlled buy was discovered in appellant's waistband. T. at 133-134, 136-138. In his report provided to appellant in discovery, Detective Romano stated, "I then searched L.C. Kirby and located a crack stem in his shirt pocket and he had two $20.00 bills in his waist band. That money was later compared with the recorded buy money and found to be the two $20.00 bills from the second buy." *Page 4 
 {¶ 11} Detectives Bline, Romano and Mark Brill witnessed the execution of the search warrant and search of appellant. T. at 128, 221. Detective Brill agreed Detective Bline arrested appellant and talked to him. T. at 221.
 {¶ 12} We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987),32 Ohio St.3d 380, 388. Most of the cross-examination of Detectives Bline and Brill focused on the search of the confidential informant's person and vehicle prior to the controlled drug buys, and whether or not she was intoxicated at the time of the buys. Appellant argues defense counsel should have highlighted the discrepancy about his arrest and search in order to discredit the detectives' testimony regarding the search of the confidential informant prior to the controlled drug buys. Appellant's Brief at 4. We fail to find the cited discrepancy was critical to the case as it was tried. Not only did two detectives testify under oath as to the process of searching the confidential informant, but the confidential informant herself testified as to the search of her person and vehicle. T. at 233, 236. Also, both controlled drug buys were visually and audibly recorded. T. at 150-152; State's Exhibits 2-B and 3-B.
 {¶ 13} Upon review, we fail to find any deficiency in defense counsel's performance indicating there could have been a different outcome in the case.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims his convictions were against the manifest weight of the evidence. We disagree. *Page 5 
 {¶ 16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 17} Appellant was convicted on two counts of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b) which state the following:
 {¶ 18} "(A) No person shall knowingly do any of the following:
 {¶ 19} "(1) Sell or offer to sell a controlled substance;
 {¶ 20} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 21} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 {¶ 22} "(b) Except as otherwise provided in division (C)(4)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the fourth degree, and division (C) of section2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender." *Page 6 
 {¶ 23} The basis of appellant's claim is that neither detective who testified witnessed the controlled drug buys and mere possession of the marked money after the sale was insufficient to establish guilt beyond a reasonable doubt.
 {¶ 24} What is lacking from appellant's argument is the fact that the confidential informant who made the buys testified she purchased cocaine from appellant. T. at 234, 236, 240. Further, there were two DVDs providing audio and video of the controlled drug buys which were played for the jury. State's Exhibits 2-B and 3-B. The location of the controlled drug buys was within 741 feet of a school. T. at 195-196, 205-206.
 {¶ 25} Upon review, we find the evidence presented to be more than sufficient to substantiate the findings of guilty beyond a reasonable doubt, and find no manifest miscarriage of justice.
 {¶ 26} Assignment of Error II is denied. *Page 7 
 {¶ 27} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 By Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1